————o————

## No. 4642.

(Court of Appeal, Parish of Orleans.)

## CAROLINA PORTLAND CEMENT CO. VS. RICHARD B. OTERO.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

H. G. Stewart, for Plaintiff and Appellee.

N. E. Humphrey and B. J. Daly, Attorneys.

Lazarus, Michel & Lazarus, for Defendant and Appellant.

DUFOUR, J. The plaintiff sues to recover the value of a quantity of cement sold and delivered to defendant during the month of October, 1907.

The answer claims that the defendant purchased 200 barrels of cement to be delivered when called for, and that the plaintiff failed to deliver the whole amount agreed upon.

It is further claimed that "the defendant was to be credited with a rebate of 10 cents per sack for all empty sacks returned and which sacks plaintiff was to call for and which sacks are still in defendant's possession uncalled for."

There is also a reconventional demand for the value of the sacks and for the wages of the mechanics for four days on which said mechanics employed by defendant were unable to work, owing to the failure of plaintiff to deliver the cement promptly.

Bowers, manager of the plaintiff company, made the contract by telephone with Fehn, who was doing the work for Otero.

He says that the contract was for 200 sacks of cement to be paid for in thirty days, and that the amount contracted for was delivered when called for, and that no further orders were given and no complaints were made to him after the last delivery on October 12th.

He states that the rebate on sacks is not granted unless such sacks are delivered at the company's warehouse in good condition; in this particular, he is corroborated by Fehn.

The use of the word "barrels" in the account is explained by the facts that the prices are quoted per barrel and four sacks constitute the contents of a barrel.

Fehn, after stating two or three times that he did not exacly remember the agreement, says that he ordered 100 barrels and told Bowers that Otero wanted time and that "he would vouch for him."

Otero had nothing to do with the making of the contract, but says that he heard Fehn order two or three hundred sacks and ask for sixty or ninety days' time.

It is apparent that the judge, confronted with a conflict of testimony, accepted the recollection of the plaintiff's witnesses and held that the contract had been carried out, and the defendant owed the price.

Under our well-established rule, we shall not disturb the conclusions of fact of the district judge.

Judgment affirmed.